```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------- X
                                              )
RICHARD HARBUS,                               )
                                              )
                              Plaintiff,      )   C.A. No. 19cv2561 (DAB)
                                              )
                    v.                        )   Answer
                                              )
HEAVY INC.,                                   )
                                              )
                              Defendant.      )
                                              )
--------------------------------------------- X
```

Defendant Heavy, Inc. ("Heavy"), by its attorneys Lebowitz Law Office, LLC., for its answer to the complaint (the "Complaint") by Richard Harbus ("Plaintiff"), avers as follows:

## NATURE OF THE ACTION

1. The allegations contained in paragraph 1 of the Complaint contain legal conclusions to which no response is required.

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3. The allegations contained in paragraph 3 of the Complaint contain legal conclusions to which no response is required.

4. The allegations contained in paragraph 4 of the Complaint contain legal conclusions to which no response is required.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the

Complaint.

**STATEMENT OF FACTS**

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits that Heavy published a news article concerning Andy Spade after the death of his wife, Kate Spade, on its news and general interest website, Heavy.com.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that Heavy did not have an explicit license agreement with Plaintiff.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HEAVY)**
**(U.S.C. §§ 106, 501)**

12. Heavy incorporates herein each and every prior allegation.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

**PRAYER FOR RELIEF**

Heavy denies any allegations contained in Plaintiff's Prayer for Relief and specifically denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Heavy asserts the following affirmative defenses in response to the allegations, without assuming the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff. Heavy reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require. Heavy further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery or other proceedings in this action.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the provisions of Title II of the Digital Millennium Copyright Act, codified at Section 512 of the Copyright Act (17 U.S.C. § 512).

**SECOND AFFIRMATIVE DEFENSE**

Defendant is entitled to the "safe harbor" protections of the Digital Millennium Copyright Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not send Defendant a Digital Millennium Copyright Act compliant take down notice.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrines of acquiescence, laches, equitable estoppel, waiver and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the allegedly unlawful or infringing use of the works at issue were licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412(2).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for statutory damages are barred in whole or in part because Heavy did not act with the requisite degree of intent or fault.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he sustained no injury in fact or damages caused by an act or omission of Heavy.

**TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he sustained no injury in fact or damages caused by an act or omission of Heavy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Heavy's actions and speech are protected by the First Amendment of the U.S. Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Heavy's conduct was in good faith and with non-willful intent at all times.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to join indispensable parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Heavy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any injury or damages as alleged in the Complaint, which is expressly denied, then said damages or injuries resulted from his own acts and/or omissions, and were not proximately caused by any action of Heavy.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

**NINTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of implied license.

**DEMAND FOR A JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

**PRAYER FOR RELIEF**

WHEREFORE, defendant Heavy, Inc. respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint and each claim against Heavy Inc. alleged herein;

2. Deny Plaintiff the relief that he seeks;

3. Grant Heavy, Inc. its reasonable costs and attorneys' fees incurred in defending against Plaintiff's Second Amended Complaint; and

4. Grant such other and further relief as the Court may deem just and proper.

Dated: July 18, 2019
New York, New York

Lebowitz Law Office, LLC

By: _____
Marc A. Lebowitz (ML 7381)
747 Third Avenue
23rd Floor
New York, NY 10017
Tel (212) 682-6818
Fax (212) 682-0030

*Attorneys for Defendant Heavy Inc.*